91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William R. ROBERTS, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Farmers Home
Administration, Frederick R. Young, John J. Gleason, Bryce
E. Luchterhand, Vernon Reed, Marvin W. Warner, Ralph V.
Laduke, Sr., Defendants-Appellees.
 No. 95-3782.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1996.*
Decided July 16, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 ORDER
 Roberts filed a complaint on February 3, 1995, alleging that the United States Department of Agriculture and six of its employees breached an express contract to sell him farm land held in inventory by the Farmers Home Administration ("FHA") and that the FHA's rules wrongfully excluded disabled[1] people from the definition of "socially disadvantaged," a category of persons given first priority in the purchase of FHA inventory farms. The value of the land sales contract exceeds $10,000. The defendants filed a motion to dismiss Robert's complaint based on insufficient service of process and lack of subject matter jurisdiction. Although Roberts agreed that the district court did not have jurisdiction over claims founded on an express contract with the United States in excess of $10,000, see 28 U.S.C. § 1346(a), he requested a transfer to the United States Court of Federal Claims to cure the jurisdictional defect.
 For the reasons stated by the district court in its opinion dated September 19, 1995 (Pl.'s App. at 113), we AFFIRM the dismissal of Roberts' complaint for lack of subject matter jurisdiction as well as its refusal to transfer the cause to the federal claims court. We agree that the interests of justice will not be disserved[2] by denying the transfer since Roberts failed to properly serve the defendants as required under Fed.R.Civ.P. 4(m).
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Roberts claims to be disabled by severe schizophrenia and therefore to be entitled to a first priority buying position rather than the second priority position which he was given. (Pl.'s Br. at 1)
 
 
 [2]
 Roberts admits that he became aware of the service of process problem after receiving the court's June 5, 1995 order. (Pl.'s Br. at 3 & App. 111-112). This order clearly instructed Roberts that he could effect proper service by filing copies of the certified or registered mail receipts he received when he mailed the summons and complaint upon the defendant agency and the Attorney General (assuming the USDA employees were being sued in their official capacities). We reject Robert's contention (Pl.'s Br. at 5) that the district court erred in dismissing his complaint on September 19, 1995 after Roberts apparently neglected to follow the district court's instruction